UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **10-21750-CIV-MORENO**

LUIS ANTONIO CARRERA GATICA,

    Plaintiff,

vs.

BRENDA OVALLE MARTINEZ,

    Defendant.

_____/



CLOSED CIVIL CASE

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION; ORDER GRANTING VERIFIED PETITION FOR RETURN OF CHILD

Petitioner, Luis Antonio Carrera Gatica, is the biological father of two minor daughters, nine year old X.C.O. and five year old F.C.O. Respondent, Brenda Ovalle Martinez, is their biological mother. On May 28, 2010 Gatica filed a Verified Petition (the "Petition") against Martinez pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), claiming that Martinez wrongfully removed his daughters to the United States, and seeking their return to Mexico.

The Petition was referred to the Honorable Edwin G. Torres, United States Magistrate Judge, for a Report and Recommendation. On October 13, 2010 the Magistrate Judge filed a Report and Recommendation recommending that the Petition be granted. The Court held oral argument on January 6, 2011, upon which the parties were referred to mediation. On March 29, 2011 it was reported that an impasse was reached. Because the Court finds, in concurrence with the Magistrate Judge, that Petitioner Gatica has established a *prima facie* case of wrongful removal under the Convention and that none of the Conventions's narrow exceptions apply, the Court hereby ADOPTS

the Report and Recommendation and GRANTS the Petition.

## I. Background

Mr. Gatica and Ms. Martinez are the biological parents of the two girls X.C.O. and F.C.O., who were born in Mexico City and are lifelong residents of Mexico. In February 2009, Martinez moved out of the family house and filed for divorce. She and Gatica were officially divorced in June 2009 in the Superior Court of Mexico City, Nineteenth Family Court. Under the final divorce decree entered by that court, both parents were to retain *patria potestad* rights over the children. In addition, Martinez was given physical custody of the daughters, while Gatica was given visitation rights. Thereafter, in July 2009, Gatica attempted to exercise his visitation rights but could not locate his daughters in Mexico. Subsequently, suspecting that his daughters might have been relocated to the United States, on July 13, 2009 Gatica submitted a Return Application to the Central Authority of Mexico. In January 2010, Martinez informed the Nineteenth Family Court that she had permanently relocated with her two daughters to Miami, Florida, where she is now domiciled and lives with the two girls. On May 28, 2010, Gatica filed the Petition at issue.

## II. Discussion

To establish a *prima facie* case of wrongful removal under the Hague Convention, the petitioner must show by a preponderance of the evidence that: (1) the habitual residence of the child immediately before the date of the alleged wrongful removal was in a foreign country; (2) the removal was in breach of custody rights under the foreign country's law; and (3) the petitioner was exercising custody rights at the time of the alleged wrongful removal. *In re Ahumada Cabrera*, 323 F. Supp. 2d 1303, 1310 (S.D. Fla. 2004); *Bocquet v. Ouzid*, 225 F. Supp. 2d 1337, 1340 (S.D. Fla. 2002). If the petitioner satisfies this burden, the child must be returned to his or her State of habitual

residence unless the respondent can establish one of the various exceptions under the Convention. *Furnes v. Reeves*, 362 F.3d 702, 712 (11th Cir. 2004). Only two such exceptions are relevant here: (1) the proceeding was commenced more than one year after the removal of the child and the child has become settled in her new environment, *id.* at 723; and (2) the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of her views, *Blondin v. Dubois*, 238 F.3d 153, 166 (2d Cir. 2001). These exceptions, however, have been defined as "narrow," and "a federal court retains, and should use when appropriate, the discretion to return a child, despite the existence of a defense, if return would further the aims of the Convention." *Friedrich v. Friedrich*, 78 F.3d 1060, 1067 (6th Cir. 1996).

Here, the Court agrees with the Magistrate Judge's determination that Gatica has established a *prima facie* case of wrongful removal under the Hague Convention. It is undisputed that the children's habitual residence prior to moving to the United States was Mexico, and the Court will not find that their habitual residence has changed solely due to the unilateral actions of their mother. *See, e.g., In re Ahumada Cabrera*, 323 F. Supp. 2d at 1311. In addition, the *patria potestad*, or parental authority, rights specifically bestowed to Gatica under the divorce decree constitute "rights of custody" under the Hague Convention, and Martinez's removal of the children to the U.S. was a clear breach of these rights. *See, e.g., Whallon v. Lynn*, 230 F.3d 450, 458 (1st Cir. 2000) ("[T]he evidence of patria potestas rights under Mexican law leads us to conclude that [the petitioner's] rights were "rights of custody" under the [Hague] Convention."). Finally, Gatica was exercising or would have been exercising his custody rights over both girls at the time Martinez removed them to the U.S., as he was involved in the girls' daily lives while they lived in Mexico, and after the divorce decree attempted to exercise his visitation rights but was unable to locate the children.

Martinez argues that Gatica never had any "rights of custody" and instead had only "rights of access" akin to visitation rights, which are not subject to enforcement under the Convention. In support of this argument Martinez (correctly) notes that pursuant to the parties' divorce decree she has "custody" over the children. This argument, however, conflates "rights of custody" as defined by the Convention with the physical custody of the child. While the divorce decree indeed awarded Martinez physical custody of the children (and accordingly visitation rights to Gatica), it also clearly bestowed to both parents *patria potestad* rights, which constitute rights of custody enforceable under the Convention.

Additionally, Martinez contends that even if Gatica has established a *prima facie* case of wrongful removal, two exceptions under the Convention apply here to defeat his Petition. Specifically, Martinez argues that (1) the father commenced this petition after the one-year window under the Convention had expired; and (2) the oldest daughter, the nine-year-old, objects to being returned to Mexico. Regarding the first exception, a removal becomes wrongful under the Convention once the non-removing parent becomes aware of the removing parent's intention not to return with the child. *See In re Ahumada Cabrera*, 323 F. Supp. 2d at 1312. Here, it was not until Gatica's unsuccessful attempt to exercise his visitation rights in July of 2009 that he became aware of Martinez's intention not to return to Mexico with the two daughters. Accordingly, the Magistrate Judge found that Gatica's Petition was timely filed. This Court agrees.

Regarding the second exception, the Magistrate Judge allowed Martinez to present a proffer of the nine-year-old's testimony, and Martinez proffered that the child would testify "that she wants to stay in Miami, that she's afraid of her father, that she doesn't want to go back to Mexico and she loves it here." The Magistrate Judge specifically took the child's views into consideration but

decided to give them little weight, as the child had already been in Martinez's exclusive custody for over eighteen months and would thus naturally prefer to remain in the United States instead of moving once again and changing her social environment. The Court finds that the Magistrate Judge properly considered the child's views and agrees with the Magistrate Judge's determination that the narrow exception based on the child's objection does not apply here.

Finally, Martinez argues that the Magistrate Judge erred by relying on facts and arguments not timely raised by Gatica and by not affording Martinez the opportunity to refute said evidence. The Court finds this argument to be without merit.

### III. Conclusion

After reviewing the entire file and record and making a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, it is hereby

**ADJUDGED** that United States Magistrate Judge Edwin G. Torres's Report and Recommendation **(D.E. 33)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ORDERED** and **ADJUDGED** that:

(1)     Petitioner's Verified Petition for Return of Child Pursuant to International Treaty **(D.E. 1)** is **GRANTED**.

(2)     The minor children X.C.O. and F.C.O. shall be returned to Mexico by no later than **June 13, 2011**.

(3)     Pending the removal, the children are to remain in the Respondent's physical custody.

(4)     Respondent, upon her return to Mexico, shall continue to submit to the Mexican court with jurisdiction over the pending custody proceedings for resolution of custody, visitation, and related issues.

(5) The passports of X.C.O. and F.C.O. shall remain in the custody of the Court until such time as Respondent provides evidence that she has obtained an airline ticket to Mexico for herself and the two minor children, at which time the children's passports shall be released to her or her attorney for delivery to her.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of May, 2011.

FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:

United States Magistrate Stephen T. Brown

Counsel of Record